IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
DARLENE COLLINS,                  :
        Plaintiff
                                  :
        vs.                       :    CIVIL NO. 1:CV-04-1438
                                  :         (Judge Caldwell)
JO ANNE B. BARNHART,
Commissioner of                   :    (Magistrate Judge Blewitt)
Social Security,
        Defendant                 :
```

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is an action under 42 U.S.C. § 405(g) to review the decision of Defendant, the Commissioner of the Social Security Administration, denying Plaintiff's application for disability insurance benefits under the Social Security Act. We are considering Plaintiff's objections to the Report as well as the Recommendation of the United States Magistrate Judge, which recommends that we deny her appeal.

The Plaintiff, Dalene Collins, raises three objections to the Magistrate Judge's report. First, she argues that the Magistrate Judge erred in finding that the Administrative Law Judge (ALJ) was not required to order EMG[1] testing of her upper extremities. A consultative exam can be ordered when the

---

[1] It appears, from Plaintiff's objections, that this type of testing is used to detect nerve damage.

"evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on [a claimant's] claim." 20 C.F.R. 404.1519a(b). The regulations provide a non-exhaustive list of situations where a consultative exam should be ordered. *Id*. Included in this list are the presence of "a conflict, inconsistency, ambiguity or insufficiency in the evidence [that] must be resolved" or "an indication of a change in [a claimant's] condition that is likely to affect [the claimant's] ability to work," the severity of which is not clear from the record. *Id*. We agree with the Magistrate Judge that the Plaintiff has not identified any inconsistency in the record which would require a consultative exam. With regard to the Plaintiff's complaints regarding her neck and arm, Dr. Costa's October 2002 report noted that she had a full range of motion in her neck and decreased sensation in her left arm. (Tr. 522). However, he indicated that her prognosis for recovery was "excellent with appropriate physical therapy and medications." (Tr. 523). Thus, even if Collins' neck and arm conditions constituted a change in her condition from the time that she applied for benefits (as suggested by the Plaintiff in her objections), the level of severity is apparent from the record. As such, we cannot find that the Magistrate Judge erred in his recommendation.

    Collins' second objection is that the Magistrate Judge erred in finding that the ALJ's determination that she did not meet the requirements of § 12.04B of 20 C.F.R. pt. 404, subpt. P,

app. 1, was supported by substantial evidence. Plaintiff contends that Drs. Wiecks and Wehman's findings that she had severe depression, along with her and her husband's testimony, demonstrate that she has a marked level of impairment in daily activities, social function, and concentration, persistence, and pace as required by the guidelines. We agree with the Magistrate Judge that the reports relied upon by the Plaintiff do not address the requirements of § 12.04B and that Collins has offered no support for the conclusion that the diagnosis of a severe depressive episode is equal to a finding of marked limitations in specific areas. Although the Plaintiff testified to a lack of concentration, a loss of interest in activities, and a lack of interest in socializing, the record, including the report of Dr. Wehman, does not fully support her testimony. For example, Dr. Wehman's report indicates that the Plaintiff's ability to concentrate and remember were not affected and that she maintained an "interest in painting and other pursuits." (Tr. 438). Thus, we conclude that the Magistrate Judge was correct in finding that the ALJ's decision was supported by substantial evidence. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)("Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion")(internal citation and quotation omitted).

In her third objection, the Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ's credibility determination was supported by substantial evidence.  The ALJ found that the testimony of the Plaintiff and her husband was not fully credible.  Collins contends that to the extent the ALJ relied on her one-time outing to see fireworks, an inconsistency in the record regarding the extent of her driving phobia, and an inconsistency in the record as to when she stopped working in her husband's garage, the credibility determination cannot be supported.  While the ALJ did rely on these instances in making her credibility determination, she also cited ample medical evidence that contradicted the testimony given by the Plaintiff and her husband.  Therefore, even assuming that the ALJ should not have considered the above factors in making her credibility determination, the remaining evidence in the record clearly supports her conclusion.

The Plaintiff's final objection is basically a reservation of all other arguments presented in her brief to the Magistrate Judge.  We have carefully reviewed the arguments presented to the Magistrate Judge and the recommendations in his report.  We find no error in his recommendations.

AND NOW, this 17th day of August, 2005, upon consideration of the Report of the United States Magistrate Judge (Doc. 15), dated June 6, 2005, Plaintiff's objections thereto, and an independent review of the Record, it is Ordered that the

Magistrate Judge's Report is adopted.  It is further Ordered, pursuant to the Magistrate Judge's recommendation, that Plaintiff's appeal is denied.  The Clerk of Court shall close the file.

 /s/William W. Caldwell
William W. Caldwell
United States District Judge
